Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| DOMINGO CARABALLO SANTOS<br>Apelante<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN y REHABILITACIÓN, PHYSICIAN CORRECTIONAL y OTROS<br>Recurridos | KLAN202400002 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm. BY2023CV02909<br><br>Sobre:<br>Daños y Perjuicios, Negligencia, Discrimen, Violación de Derechos Constitucionales, Institucionales y Civiles |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de febrero de 2024.

Comparece por derecho propio el señor Domingo Caraballo Santos, confinado, (señor Caraballo Santos o apelante) mediante recurso de apelación, solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 8 de diciembre de 2023. Mediante su dictamen, el foro primario desestimó con perjuicio la *Demanda* sobre violación de derechos constitucionales, daños y perjuicios, presentada por el apelante contra el Departamento de Corrección y Rehabilitación (DCR) y Physician HMO, INC /h/n/c Physician Correctional (Physician), (en conjunto, los apelados).

Por los fundamentos que expondremos a continuación, decidimos *confirmar* la *Sentencia* apelada.

## I. Resumen del tracto procesal

El 27 de abril de 2023, el apelante presentó *Demanda* por daños y perjuicios, negligencia, discrimen y violación de derechos constitucionales y civiles. En lugar de incluir propiamente alegaciones enumeradas en la *Demanda*, en la sección que intituló *Breve relación de hechos*, el señor Caraballo Santos incorporó la narrativa de unos alegados hechos que, a su juicio, daban lugar a la concesión de un remedio. Así, manifestó haber sido arrestado y puesto en custodia el 5 de marzo de 2022, momento en el cual ya había recibido cinco heridas de arma blanca, afectando su mano y hombro izquierdo. En la demanda no surge explicación, o se ofrece más información, sobre las circunstancias en que, alegadamente, recibió las referidas heridas punzantes, ni mucho menos quién se las provocó. En cualquier caso, lo que sí se informa es que fue tratado por tales lesiones en el Centro Médico en Río Piedras, donde se le operó la mano izquierda, luego de lo cual fue puesto bajo la custodia del DCR.

Sobre su traslado al DCR, aduce que fue llevado a la Institución de Bayamón 705, sin recibir tratamiento post operatorio, ni rehabilitación alguna. En consecuencia, adujo que la herida se le infectó y comenzó a pudrirse. Arguyó que fue atendido por una doctora de la institución penal donde estaba confinado, quien le indicó que eso era normal. Añadió que solo recibió una inyección como tratamiento y, transcurrido un mes, la infección se extendió. Entonces fue trasladado a la Institución 384 de Sabana Hoyos en Arecibo, en donde indicó haber recibido antibióticos intravenosos, pero, debido a la negligencia crasa de los apelados, resultó con pérdida de funciones en varios de sus dedos de la mano izquierda. Finaliza imputando que en todas las instituciones penales que ha estado —Bayamón, Arecibo y Ponce— han hecho caso omiso a su situación de salud, sintiéndose discriminado por ser de nacionalidad dominicana. Como remedios, solicitó que se le brindara los servicios médicos

necesarios, de acuerdo con sus condiciones de salud, y reclamó la cantidad $75,000.00 como indemnización.

Ante ello, el 4 de agosto de 2023, compareció el DCR, a través de la Oficina del Procurador General, (el Procurador), mediante *Moción asumiendo representación legal y término adicional para presentar alegación responsiva.* Justificó la petición de término adicional, aduciendo que se encontraba recopilando información sobre los hechos alegados en la *Demanda.*

De igual manera, el 7 de agosto de 2023, Physician presentó *Moción solicitando término adicional.* Esta parte fundamentó su solicitud de prórroga aduciendo que se encontraba a la espera de ciertos documentos que estaban bajo la custodia del DCR, relacionados a una petición del apelante ante dicha agencia sobre los mismos hechos, por lo que cabía un cuestionamiento sobre agotamiento de remedios administrativos.

En respuesta, el TPI concedió ambas peticiones de prórroga instadas por los demandados, aquí apelados.

Luego, el 6 de septiembre de 2023, el DCR presentó una *Moción de exposición más definida,* aduciendo que la *Demanda* presentada por el señor Caraballo Santos no cumplía con los requisitos de forma establecidos en la Regla 8.2 de Procedimiento Civil, 32 LPRA Ap. V, R.8.2. Sobre lo mismo, el DCR afirmó que en la *Demanda* se había realizado una exposición extensa, sin dividir lo allí aseverado en párrafos numerados, provocando dificultad para entender las alegaciones y así permitirle estar en posición de identificar los actos, omisiones y/o eventos independientes que lo colocaran en posición de redactar una alegación responsiva. Además, afirmó que el señor Caraballo Santos incumplió con los requisitos de forma enumerados en la Regla 20 de las Reglas para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 20,

que requieren que el escrito presentado sea uno razonablemente legible, aunque sea por derecho propio.

En definitiva, el DCR aseveró que los defectos señalados sobre la *Demanda* impedían que pudiera presentar una alegación responsiva. Por lo cual, solicitó que el TPI le ordenara al apelante enmendar la *Demanda,* presentando una exposición más definida.

A raíz de tal solicitud, 7 de septiembre de 2023,[1] el TPI emitió una *Orden* declarándola Ha Lugar.[2] A tenor, el foro primario le concedió al apelante treinta días para enmendar la *Demanda,* advirtiéndole que su incumplimiento podría resultar en la desestimación de la causa de acción.

Posteriormente, el 12 de septiembre de 2023, Physician presentó *Moción solicitando desestimación.* Esgrimió como causa para la desestimación solicitada, que el señor Caraballo Santos ya había presentado, el 24 de enero de 2023, una *Solicitud de Remedios Administrativos,* identificada como *PP-06-23,* en la División de Remedios Administrativos de Corrección, relacionadas con los dolores y molestias que tenía en su hombro izquierdo por unas heridas que recibió cuando estaba en la libre comunidad, pero no agotó el trámite administrativo. Afirmó que, el 17 de marzo de 2023,[3] la *Solicitud de Remedios Administrativos* fue desestimada, por lo que el apelante había presentado una solicitud de *Reconsideración,* el 24 de abril de 2023, que también fue denegada el 2 de mayo de 2023. Que, lo descrito, el apelante no había recurrido ante el Tribunal de Apelaciones para solicitar la revocación de la determinación administrativa, a través de un recurso de revisión judicial. En definitiva, Physician sostuvo que le correspondía al señor Caraballo Santos agotar los remedios administrativos disponibles, antes de presentar la causa de acción en el TPI, pero no lo hizo.

---

[1] Notificada el 8 de septiembre de 2023.
[2] *Véase* la entrada número 19 del expediente digital del caso que obra en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Notificada el 27 de marzo de 2023.

Atendiendo esta solicitud de desestimación, el 12 de septiembre de 2023,[4] el TPI emitió *Orden* indicando lo siguiente*:*

> Término para que la parte demandante Sr. Caraballo Santos reaccione/se oponga a Moción vence el 2 de octubre de 2023. Regla 8.4 de las de Procedimiento Civil (2009), 32 LPRA Ap. V, R. 8.4. Mociones de prórroga si algunas, tiene que cumplir con la Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68, y *Arriaga v. F.S.E.,* 145 DPR 122, 132 (1998).

> Transcurrido el término concedido para presentar oposición, la moción quedará sometida, y el Tribunal resolverá según en derecho proceda. No se permitirán réplicas (o escritos posteriores) salvo que el Tribunal específicamente las ordene. El incumplimiento de lo anterior resultará en sanciones a tenor con las Reglas 37.7 y 44.2 de las de Procedimiento Civil (2009). [5]

Por ello, el 6 de octubre de 2023,[6] el apelante presentó una breve *Moción Oposición.* Adujo haber solicitado terapias a través de una solicitud de remedios administrativos, pero le fueron denegadas. Junto a su moción, presentó la copia de una receta que Centro Médico Correccional le envió al DCR, indicando las sesiones de terapias que se le tenían que proveer. Sostuvo que le realizaron unos laboratorios e indicaron que tenía una celulitis. Asimismo, manifestó que le midieron la presión de las manos, resultando que en la mano derecha tiene un 95 por ciento de fuerza, mientras que en la izquierda cuenta con un 55 por ciento. Por otro lado, aseveró que le realizaron una placa en el hombro izquierdo, y que no tiene huesos ni tendones rotos. Alegó que el doctor en Centro Médico le explicó que la herida era en la clavícula, por lo cual, requería que le hicieran un MRI. Finalizó advirtiendo que le estaba llegando la correspondencia desde el 23 de septiembre de 2023.

Visto lo anterior, el 24 de octubre de 2023, el TPI emitió otra *Orden,* disponiendo lo siguiente:

> Se toma conocimiento.
> Sin embargo, este escrito no contradice la alegación de revisión judicial incluida en la *Moción Solicitando*

---

[4] Notificada el 13 de septiembre de 2023.
[5] *Véase* la entrada número 21 del expediente digital del caso que obra SUMAC.
[6] Presentada en el TPI el 19 de octubre de 2023.

> *Desestimación* presentada el 12 de septiembre de 2023 por la parte demandada Physician HMO, Inc. (HMO). Específicamente, y entre otras, la siguiente aseveración de la parte demandada HMO: "Al mismo tiempo, el Artículo 4.006 (c) de la Ley de la Judicatura, Ley Núm. 201 del 22 de agosto de 2003, establece que es la competencia del Tribunal de Apelaciones la revisión de las decisiones y ordenes de las agencias administrativas".
> Resometa. Dispone de veinte (20) días.[7]

Finalmente, el 8 de diciembre de 2023, el TPI emitió la *Sentencia* cuya revocación nos solicita el apelante, desestimando con perjuicio la *Demanda* presentada. Al así determinar, el foro primario indicó que el apelante no había presentado oposición a la *Moción de Exposición más definida*, y tampoco había cumplido con la *Orden* notificada el 24 de octubre de 2023, (según aquí recogida en el párrafo que antecede).

Inconforme, el señor Caraballo Santos acude ante nosotros, mediante *recurso de apelación*, solicitando que revoquemos dicho dictamen.

## II. Exposición de Derecho

### A. Desestimación de la demanda como sanción

Nuestro ordenamiento jurídico favorece la política judicial de que los casos se ventilen en sus méritos. *Mercado Figueroa v. Mun. San Juan*, 192 DPR 279, 288 (2017). Esto debe ir en armonía con el principio procesal recogido en la Regla 1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 1, de que los pleitos se tramiten de forma justa, rápida y económica. *Íd*, en las págs. 287-288. Es decir que, aunque se favorece la ventilación de los casos en sus méritos, ello "no significa que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales". *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221-222 (2001).

---

[7] *Véase* la entrada número 26 del expediente digital del caso que obra en SUMAC.

A tenor con lo cual los tribunales quedan facultados con el poder de sancionar a las partes mediante distintos mecanismos, cuando **permanecen en la negativa de obedecer sus órdenes atentando así contra la sana administración de la justicia.** En particular a la controversia que nos ocupa, la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2, dispone como sigue:

> (a) **Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal,** el tribunal a iniciativa propia o a solicitud de la parte demandada **podrá decretar la desestimación del pleito** o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, **la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder**. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. **Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis suplido.) Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2. Véase también *Mun. de Arecibo v. Almac. Yakima*, supra; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). (Énfasis provisto).

Como queda visto, según el lenguaje implementado en la Regla 39.2(a) aludida, en aras de garantizar el debido proceso de ley, el tribunal está obligado a seguir un procedimiento claramente prestablecido antes de ordenar la desestimación de la demanda o la eliminación de las alegaciones. Es decir, como parte del debido proceso de ley, la parte tiene que ser notificada por el tribunal de la situación de incumplimiento, junto a sus consecuencias y, además, se le tiene que brindar la oportunidad de tomar las medidas necesarias para corregirla.

### III. Aplicación del Derecho a los hechos

Primero, sépase que el recurso de apelación presentado por derecho propio por el señor Caraballo Santos incumple con varios requisitos de forma de los contenidos en la Regla 16 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 16. Sin ser cercanamente exhaustivos, en dicho escrito no se hizo indicación de disposiciones legales que sostengan el recurso, tampoco se incluyeron señalamientos de errores, ni fueron discutidos los errores que no fueron señalados, menos se incluyó un índice del apéndice, carece de una relación fiel y concisa de los hechos procesales pertinentes del caso y carece de un apéndice completo, (que hemos tenido que complementar *motu proprio* a través de SUMAC).

No obstante, el apelante sí adjuntó en el apéndice de su escrito, la *Sentencia* cuya revocación nos solicita. De esta manera, al menos, nos permitió auscultar nuestra jurisdicción para atender el recurso presentado. En ánimos de evitar la aplicación automática e inflexible de los requisitos reglamentarios, y tomando en consideración la realidad particular de los reclusos, *Álamo Romero v. Administración de Corrección,* 175 DPR 314, 322 (2009), hemos decidido atender los méritos del asunto.

Al examinar el muy escueto recurso de apelación instado por el apelante, nos resulta evidente que este no presentó argumentos para ponernos en posición de revocar el dictamen apelado, en tanto **no atendió o se expresó sobre las causas por las cuales su *Demanda* resultó desestimada**.

Afirmamos lo anterior pues, al ser examinada la *Sentencia* apelada, resulta evidente que el TPI sostuvo su conclusión en dos fundamentos principales: (1) que el apelante incumplió con la *Orden* de 7 de septiembre de 2023, en la que se le concedió treinta días para enmendar la *Demanda,* a los fines de que cumpliera con los requisitos de forma exigidos por las Reglas de Procedimiento Civil, so pena de ser desestimada; (2) que el

apelante no ofreció respuesta alguna al señalamiento sobre la falta de agotamiento de remedios administrativos. A pesar de ser tales las razones para la desestimación de la causa de acción, mediante su *recurso de apelación* el apelante se limitó a repetir las alegaciones contenidas en la *Demanda*, sin excusar de manera alguna su incumplimiento con la referida *Orden* del foro apelado, de 7 de septiembre de 2023, ni la declarada falta de agotamiento de los procesos administrativos.

Al contrario, según consta en el expediente ante nuestra consideración, y luego de hacer una búsqueda en SUMAC, no hay rastro documental alguno que sirva para comprobar que el apelante hubiese cumplido en algún momento con la *Orden* del TPI de 7 de septiembre de 2023, y menos que hubiese enmendado la *Demanda* conforme lo allí ordenado. Bajo estas condiciones, no es posible siquiera plantear que el TPI abusó de su discreción al desestimar la *Demanda*, luego de haberle advertido al apelante que se corría el riesgo que ello ocurriese, si no cumplía la referida *Orden*.

Por otra parte, y con respecto a la *Orden* del TPI para que el apelante presentara respuesta a la alegada falta de agotamiento de remedios, esta parte sí presentó una *Moción Oposición*, no obstante, sobre este tema se limitó a indicar lo siguiente; *"le solicité la terapia por remedio administrativo y me la denegaron. Así agotando los recursos cuando solicité el expediente"*[8]. En este sentido, a pesar de la presunta denegatoria administrativa de proveerle la referida terapia al apelante, este no explicó por qué decidió presentar una demanda, en el proceso civil ordinario, en lugar de acudir ante este Tribunal de Apelaciones, mediante *recurso de revisión judicial,* para cuestionar la determinación administrativa que le fue adversa. Entonces, luego del apelante haber hecho la brevísima expresión sobre el trámite administrativo seguido, la

---

[8] *Véase* la entrada número 25 del expediente digital del caso que obra en SUMAC.

totalidad del contenido de la *Moción en Oposición* fue dedicada a reproducir las alegaciones contenidas en la *Demanda*. Es decir, la moción que presuntamente serviría para que el apelante refutara la alegación de Physician, en términos de la falta de agotamiento de remedios administrativos una vez iniciados ante el DCR, tornó en la reiteración de lo ya alegado en la *Demanda*.

Es como resultado de lo narrado en el párrafo que precede, que el TPI emitiera otra *Orden,* el 24 de octubre de 2023, advirtiendo que la *Moción en Oposición* no contradecía la alegación de revisión judicial incluida en la *Moción Solicitando Desestimación*, ante lo cual, le concedió un nuevo término de veinte días al apelante para que presentara nuevamente su oposición. A pesar de esta segunda oportunidad concedida por el foro apelado al apelante para que cumpliera con la referida Orden, el apelante no cumplió con lo ordenado.

En definitiva, el TPI le concedió varias oportunidades al apelante para cumplir con las tres *Órdenes* que le dirigió, antes de desestimar la causa de acción, sin obtener respuesta. Por tanto, no podemos imputarle al foro apelado haber abusado de su discreción al desestimar, cuando el tracto procesal revela las oportunidades concedidas al apelante para cumplir con lo ordenado.

Por último, reiteramos, en el *recurso de apelación* ante nosotros no se incluyeron explicaciones que nos ayudaran a identificar en qué medida incidió el TPI al ordenar la desestimación de la *Demanda*, en términos de los incumplimientos con las *Órdenes* aludidas. La lectura del recurso de apelación no ofrece luces que ayuden a iluminar sobre posibles razones que justificaran los incumplimientos por el apelante.

En consecuencia, nos corresponde confirmar la *Sentencia* apelada. El TPI cumplió con el debido proceso de ley al informar al apelante los defectos que contenía su *Demanda* y *Moción Oposición,* en incumplimiento

con las Reglas de Procedimiento Civil. Además, el foro primario le advirtió al señor Caraballo Santos sobre las consecuencias de incumplir con las órdenes del Tribunal y le brindó oportunidad para que hiciera las correcciones necesarias. De esta manera, el TPI no abusó de su discreción al desestimar la demanda presentada ante el incumplimiento reiterado del apelante con las órdenes del Tribunal.

## IV. Parte dispositiva

En atención a los fundamentos antes consignados, confirmamos la *Sentencia* apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones